IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:05-CR-55-BR
No. 5:16-CV-469-BR

| | |
|---|---|
| PATRICK O'NEIL GILL, | ) |
|     Petitioner, | ) |
| | ) |
| v. | )    ORDER |
| | ) |
| UNITED STATES OF AMERICA, | ) |
|     Respondent. | ) |

This matter is before the court on petitioner's 28 U.S.C. § 2255 motion. (DE # 42.)

In 2005, petitioner pled guilty to one count of interference with commerce by robbery in violation of 18 U.S.C. § 1951 ("Hobbs Act robbery") and one count of using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). The court sentenced petitioner to a total term of 271 months imprisonment. Petitioner appealed, and the Fourth Circuit Court of Appeals affirmed. (DE # 33.)

In 2008, petitioner filed *pro se* his first § 2255 motion, (DE # 36), which the court dismissed on initial review, (DE # 38). In June 2016, petitioner filed *pro se* this § 2255 motion and subsequently obtained the Fourth Circuit Court of Appeals' authorization, (DE # 49). Petitioner claims that he is actually innocent of his § 924(c) conviction because Hobbs Act robbery is not a "crime of violence" for purposes of § 924(c).[1] (See Mot., DE # 42, at 4.)

---

[1] After petitioner filed *pro se* this § 2255 motion, court-appointed counsel filed a notice of appearance on his behalf and a separate notice stating that petitioner's *pro se* motion accurately presented his claim "and no amendment to his claim is necessary," (DE # 48, at 1). However, counsel went on to challenge petitioner's career offender designation at sentencing based on United States v. Johnson, 135 S. Ct. 2551 (2015). (Id.) To the extent petitioner's § 2255 motion could be deemed amended to assert this additional claim, that claim is meritless. See United States v. Lee, 855 F.3d 244, 247 (4th Cir. 2017) ("*Johnson's* vagueness holding does not apply to the residual clause in [the career offender sentencing guideline,] § 4B1.2(a)(2)." (citing Beckles v. United States, 137 S. Ct. 886, 892 (2017)).

On the government's motion, the court placed this proceeding in abeyance pending the decisions in United States v. Simms, 914 F.3d 229 (4th Cir. 2019) (en banc), and United States v. Walker, 934 F.3d 375 (4th Cir. 2019). (DE # 53.) After those decisions issued, the court directed the parties to file supplemental briefs regarding the § 2255 motion. (8/27/19 Text Order.)

In its supplemental brief, the government argues because petitioner's § 924(c) conviction was predicated on a "crime of violence," Hobbs Act robbery, the conviction is valid. (DE # 55, at 3-4.) It maintains petitioner's § 2255 motion should be dismissed. (Id. at 6.) Petitioner, through court-appointed counsel, moves to extend the time to file his supplemental brief. (DE # 56.)

A "crime of violence" for purposes of § 924(c) is defined as

> an offense that is a felony and—
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The Supreme Court recently held that the "residual clause" of § 924(c)(3)(B) is unconstitutionally vague. United States v. Davis, 139 S. Ct. 2319, 2336 (2019). However, "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)[(3)(A)]." United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019) (footnote and citations omitted). Therefore, because Hobbs Act robbery, which served as the predicate offense for petitioner's § 924(c) conviction, remains a crime of violence, petitioner is not entitled to relief under § 2255.

Because further briefing on the issue is unnecessary, petitioner's motion for an extension

of time is DENIED.  (DE # 56.)  The § 2255 motion is DISMISSED.  The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of appealability is DENIED.

    This 18 September 2019.

                                                  W. Earl Britt
                                                  Senior U.S. District Judge