IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:05-CR-55-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| PATRICK O'NEIL GILL | ) | |

This matter is before the court on defendant's emergency motion for compassionate release. (DE # 72.) The government filed a response in opposition, (DE # 76), to which defendant filed a reply, (DE # 78).

In 2005, defendant pled guilty to interference with commerce by robbery and using a firearm during and in relation to a crime of violence. The court sentenced him to a total term of imprisonment of 271 months (representing an upward departure from the applicable guideline range to the top of the revised guideline range) and five years supervised release. The Fourth Circuit Court of Appeals affirmed. United States v. Gill, 228 F. App'x 282 (4th Cir.) (per curiam), cert. denied, 552 U.S. 938 (2007).

Defendant requests a reduction in his sentence of imprisonment to time served or, alternatively, to convert a portion of his remaining custodial sentence to home confinement pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018 ("First Step Act").[1] That statute provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
>     (1) in any case—
>         (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has

---
[1] The First Step Act amended § 3582(c)(1)(A) to permit a defendant to bring such a motion. See Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).

> fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>> (i) extraordinary and compelling reasons warrant such a reduction . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c).

The relevant policy statement is set forth in United States Sentencing Guideline § 1B1.13, "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)."[2] "Th[at] policy statement . . . requires: (1) extraordinary or compelling reasons to warrant a reduction in a defendant's sentence, (2) that the defendant is not a danger to the safety of others or the community, and (3) that release from custody complies with § 3553(a) factors." United States v. Lake, No. CR 5:16-076-DCR, 2019 WL 4143293, at *2 (E.D. Ky. Aug. 30, 2019) (citing U.S.S.G. § 1B1.13 (2018)); see also United States v. Kibble, Criminal No. 2:19-00077, 2020 WL 3470508, at *2 (S.D.W. Va. June 25, 2020).

Under the policy statement, extraordinary and compelling reasons justifying a sentence reduction exist based on any of following circumstances:

(A) <u>Medical Condition of the Defendant</u>.—
(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not

---

[2] Technically, the policy statement, which was adopted prior to the First Step Act, applies only to motions filed by the Bureau of Prisons. See United States v. Beck, No. 1:13-CR-186-6, 2019 WL 2716505, at *5 (M.D.N.C. June 28, 2019). "The Sentencing Commission has not amended or updated the old policy statement since the First Step Act was enacted, nor has it adopted a new policy statement applicable to motions filed by defendants. While the old policy statement provides helpful guidance, it does not constrain the Court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3582(c)(1)(A)(i)." Id. at *6-7 (citation and footnote omitted).

required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
    (ii)    The defendant is—
        (I)    suffering from a serious physical or medical condition,
        (II)    suffering from a serious functional or cognitive impairment, or
        (III)    experiencing deteriorating physical or mental health because of the aging process,
that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B)    <u>Age of the Defendant</u>.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C)    <u>Family Circumstances</u>.
    (i)    The death or incapacitation of the caregiver of the defendant's minor child or minor children.
    (ii)    The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D)    <u>Other Reasons</u>.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B.13, cmt. n.1.

Even if a defendant establishes extraordinary and compelling reasons to support a sentence reduction, the court must still consider the applicable § 3553(a) factors. <u>See</u> 18 U.S.C. § 3582(c)(1)(A); <u>United States v. Chambliss</u>, 948 F.3d 691, 693 (5th Cir. 2020).

> These factors include: "(1) [Defendant's] personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants."

<u>United States v. Adona</u>, No. CR PX-17-345, 2020 WL 4338889, at *2 (D. Md. July 28, 2020) (citation omitted) (alteration in original).

3

Before considering the merits of the motion, it appears defendant exhausted his administrative rights in the Bureau of Prisons ("BOP") prior to filing the motion. In May 2020, defendant submitted a request for compassionate release to the Warden, which the Warden denied a month later. (Mot., Ex. A, DE # 72-1.) The government acknowledges defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement. (Resp., DE # 76, at 4-5.)

Turning to the merits, defendant contends his age combined with numerous medical conditions increase his risk of severe illness from COVID-19, and therefore, he presents extraordinary and compelling reasons for a modification of his sentence. (Mot., DE # 72, at 1-2, 6-9.) The government argues defendant's sentence should not be reduced considering the relevant § 3553(a) factors and the danger defendant would pose to the community. (See Resp., DE # 76, at 1.)

"[I]n considering whether extraordinary and compelling reasons for a sentence reduction exist in light of COVID-19, [district courts] have considered the age of the prisoner, the severity and documented history of the defendant's health conditions, and the proliferation and status of infections in the prison facility." Kibble, 2020 WL 3470508, at *2 (citing United States v. Brady, No. S2 18 Cr. 316 (PAC), 2020 WL 2512100, at *3 (S.D.N.Y. May 15, 2020) (collecting cases)). The Centers for Disease Control and Prevention's list of risk factors for COVID-19 complications also informs the court's evaluation. Everett v. United States, No. 4:16cr35, 2020 WL 5793428, at *3 (E.D. Va. Sept. 25, 2020).

Defendant is 65 years old. He is obese and prediabetic and has been diagnosed with end stage renal disease, hypertension, and peripheral vascular disease, among other things. (Mot., Ex. D, DE # 73, at 10-12). Given his age and multiple underlying medical conditions, defendant has an increased risk of severe illness from the virus that causes COVID-19. See Centers for

4

Case 5:05-cr-00055-BR   Document 80   Filed 10/20/20   Page 4 of 6

Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Oct. 19, 2020).  Additionally, the BOP classifies defendant's medical care as level 4, (Mot., Ex. B., DE # 72-2, at 1), which is the highest level and encompasses inmates who "require services available only at a BOP Medical Referral Center [], which provides significantly enhanced medical services and limited inpatient care," Federal Bureau of Prisons, Care Level Classification for Medical and Mental Health Conditions or Disabilities, at 3 (May 2019), available at https://www.bop.gov/resources/pdfs/care_level_classification_guide.pdf.  In fact, defendant is incarcerated in a Federal Medical Center in Massachusetts ("FMC Devens").  There, the current infection rate appears to be low, with no reported inmate positive cases and only two staff positive cases, Federal Bureau of Prisons, COVID-19 Cases, https://www.bop.gov/coronavirus/ (last visited Oct. 19, 2020), and all 787 inmates have been tested, Federal Bureau of Prisons, COVID-19 Inmate Test Information, https://www.bop.gov/coronavirus/ (last visited Oct. 19, 2020).  Although the spread of COVID-19 at FMC Devens appears controlled, the court agrees with defendant that he has shown extraordinary and compelling reasons supporting a sentence reduction.

The court now considers information bearing on the relevant § 3553(a) factors.  Defendant has been incarcerated for more than 16 years.  With good time credit, he has served approximately 84% of his sentence of imprisonment.  (See Mot., Ex. C, DE # 72-3.)  During that time, he has taken educational courses, maintained employment, satisfied his financial obligation, and obtained his GED.  (Mot., Ex. B, DE # 72-2.)  He has not had any disciplinary infractions in at least six months.  (Id.)

5

Case 5:05-cr-00055-BR   Document 80   Filed 10/20/20   Page 5 of 6

Prior to his incarceration for the instant offenses, defendant had been convicted of three felonies, including second degree murder. (PSR, DE # 45, at 6-7.) Defendant's conduct underlying the instant offenses was particularly egregious. Defendant walked into a convenience store and, without saying a word, shot the cashier/store's owner in the head at point-blank range. (Id. ¶ 7.) Defendant then stole cash from the register. (Id.) Fortunately, the victim survived; however, after being hospitalized for one month and due to his permanent injuries, he sold the store and returned to Jordan where his family cares for him. (Id. ¶ 12.)

Considering all the circumstances, reducing defendant's sentence of imprisonment would not provide just punishment or reflect the seriousness of the offenses committed. Therefore, defendant's emergency motion for compassionate release is DENIED.

This 20 October 2020.

                                                      _____
                                                            W. Earl Britt
                                                            Senior U.S. District Judge